## Commonwealth v. Aversano

*Roger B. Reynolds* and *Thomas E. Waters,* assistant district attorneys, for Commonwealth.

*Bernard E. DiJoseph,* of *Wood, Hauser & DiJoseph,* for defendant.

KNIGHT, P. J., December 15, 1948.—On bill no. 122, defendant was charged in the first count with unlawfully maintaining gambling devices, and in the second count with aiding and assisting others to maintain gambling devices. On bill no. 123, defendant was charged with being a common gambler.

Defendant was convicted on both bills, and these motions were filed, which were argued before the court en banc.

On July 14, 1948, in the afternoon, members of the Pennsylvania State Police raided a gambling establishment at 618 Maple Street, in Conshohocken. They found facilities and paraphernalia for betting on horse races on various eastern tracks, and arrested 51 patrons whom they found in the place. The operators of the establishment pleaded guilty and were sentenced by this court; the patrons were taken before a justice of the peace and fined.

Among the patrons was this defendant, who, when searched by the officers, was found to have a roll of money in denominations of $50, $20, $10 and $5 notes, aggregating $1,855.

Defendant was the owner of a 1946 Cadillac sedan, and on searching this machine the officers found in a rear trunk two small gambling devices: One a so-called five cent "21" or "black-jack" machine, which could be operated, and the other a penny machine, which was in three parts and could not be operated.

Defendant was taken to the Belmont Barracks of the State police and questioned by the officers. Over objection, these officers were permitted to testify to these conversations in which defendant freely admitted that he had no occupation, but he fixed slot machines. When asked what he did for a living he said: "Well, I don't work anywhere." When interrogated as to where he got the money that he spent he replied: "I hustle crap games and I bet on the horses." In reply to another officer who asked what he did for a living defendant said: "I gamble" and when asked what he meant by "gamble" he replied: "I play crap, play horses and so on."

Sergeant Bradley of the Norristown police testified that he had known defendant from 15 to 18 years, and that within the last eight years "There were few days that would go by I didn't see him", on or about the streets of Norristown. The witness testified that

during the last few years defendant, to his knowledge, had not been gainfully employed.

At the close of the Commonwealth's case, defendant demurred to the evidence. The demurrer was overruled, whereupon defendant offered no evidence, but presented a request for a directed verdict of "Not guilty". This was refused by the trial judge.

The indictments in this case are based on The Penal Code of June 24, 1939, P. L. 872, sec. 603, 18 PS §4603, which provides:

"Whoever maintains any gambling device or apparatus, to win or gain money or other property of value, or aids, assists or permits others to do the same, or engages in gambling for a livelihood, or is without any fixed residence, and in the habit or practice of gambling, is a common gambler, and guilty of a misdemeanor. . . ."

Counsel for defendant, in his well-considered brief, does not press any of the specific reasons advanced for a new trial, but argues in support of both motions, that the demurrer should have been sustained, and that the verdict was against the law, for the following reasons: There was not sufficient proof of the corpus delicti to render admissible the confessions of defendant; the Commonwealth has failed to establish that the offenses were committed within the jurisdiction of the court; the Commonwealth failed to establish defendant's guilt beyond a reasonable doubt as a matter of law.

In the light of these reasons, we will first consider the proof under the indictment charging defendant with being a common gambler. It must be conceded that if the admissions were properly admitted in evidence, there was ample proof upon which a jury could base a verdict of guilty. There was not a scintilla of evidence that the confessions were not voluntarily given; they are not denied, contradicted or shaken

in any way. It is familiar law that a confession is not evidence in the absence of proof of the corpus delicti, and before a confession is received in evidence the corpus delicti ought to be proved independent of the confession: Gray v. Commonwealth, 101 Pa. 380 (1882) ; Commonwealth v. Gardner, 282 Pa. 458 (1925). In these cases, as well as the many others cited by counsel for defendant, the corpus delicti was some alleged wrongful act, some specific occurrence of a criminal nature.

What is the corpus delicti in the offense of being a common gambler? It is not any specific act of gambling, for gambling of itself is not a crime in Pennsylvania. The term "common gambler" rather describes a status, a way of life, a means of obtaining a livelihood.

Was there sufficient evidence, outside of the confessions, from which a jury could infer that defendant was a common gambler? He was a patron caught in a raid on a gambling establishment; he had on his person a large sum of money in bills of $50, $20, $10 and $5 denominations; he was the owner of a 1946 Cadillac automobile, and it is a matter of common knowledge that the Cadillac is one of the more expensive cars. Locked in the trunk of this car, and therefore in the possession and under the control of defendant, were two gambling devices (slot machines), one of which was in working condition, the other dismantled. He had for several years no gainful occupation. Any one of these things, with the possible exception of possession of the slot machines, would not be enough to brand defendant as a common gambler, but taken all together, without any explanation, were enough to warrant a finding that defendant engaged in gambling for a livelihood, and was in the habit or practice of gambling.

We will turn now to indictment no. 122, and address ourselves to that count which charges defendant with aiding and assisting others to maintain gambling devices.

The uncontradicted evidence shows that defendant had in his possession two gambling devices, one of which was operatable, the other not. The operatable machine could be used for no other purpose than gambling. It has been held that the mere possession of such a machine was sufficient to convict the possessor of a violation of section 56 of the Criminal Code of March 31, 1860, P. L. 382; Commonwealth v. Jeffries, 76 Pitts. L. J. 507 (1928); Commonwealth v. Sands, 24 D. & C. 309 (1935); Commonwealth v. Leo A. Ruof and Robert P. Keppel, No. 2, 45 Lanc. 433, 437 (1937).

Section 603 of The Penal Code of 1939 was substantially a reënactment of section 56 of the Criminal Code of 1860, supra. Counsel for defendant calls attention to the fact that in section 603 the word "maintains" is used instead of the words "keep or exhibit" that appear in section 56. It is argued that the words "maintain" and "possess" or "keep" are not synonymous, and this is the view taken by the trial judge in his charge to the jury. In this respect the trial judge may have been in error, but certainly defendant has no cause to complain about it, for on this point the charge was in his favor.

The possession by defendant of an operatable gambling device that could not be used for any lawful purpose was sufficient for the jury to draw the inference that the slot machine had been used, and was intended to be used, for gambling: Commonwealth ex rel. v. Twenty-five Slot Machines, 88 Pitts. L. J. 465 (1940).

Defendant had the illegal machine in his automobile, and, even if he were merely transporting it from

one place to another, he was aiding and assisting others in the maintenance of gambling apparatus. There was ample evidence of the corpus delicti as to this count, and therefore the confession of defendant was admissible in evidence, and when this is taken into consideration, the guilt of defendant becomes clear, for he told the officers that his only business or means of livelihood, outside of his gambling activities, was the repair of slot machines.

Counsel seeks to distinguish the above-cited cases on the ground that they were concerned with "aggravated" instances, because they involved a greater number of gambling devices than one or two. We cannot accept this reasoning. If defendant is guilty, it matters not how many slot machines were involved.

We are of the opinion that there is no merit in the contention that this court is without jurisdiction. The character of defendant went with him, his was a continuing offense, he was a common gambler in any county of the Commonwealth in which he happened to be.

The contention that the Commonwealth had failed to establish defendant's guilt beyond a reasonable doubt as a matter of law cannot be sustained. There is here far more than a suspicion of guilt. Here, the proven facts, coupled with defendant's admissions, and without any denial, counter-evidence or explanation, presented a case for the jury, and we cannot say as a matter of law that the evidence was not sufficient to sustain a finding of guilt. To discuss all of the contentions advanced by the Commonwealth and defendant, in the excellent briefs filed by counsel, would unduly lengthen this opinion.

After reviewing the record, and fully considering the briefs filed, we have come to the conclusion that these motions must be overruled.

And now, December 15, 1948, the motion in arrest of judgment, and the motion for a new trial are overruled, and defendant directed to appear in courtroom A on Friday, January 14, 1949, at 10 a.m., to receive the sentence of the court.